## BLACK v. WIEDERSHEIM.

(Circuit Court, E. D. Pennsylvania. January 25, 1906.)

### No. 65.

CORPORATIONS—MORTGAGE TRUSTEE—LIABILITY FOR BREACH.

> A trustee in a corporation mortgage, which provides that he shall not "be liable or responsible for any other cause, matter or thing except his own willful and intentional breaches of the said trust herein expressed and contained" is not liable to bondholders for omissions to act through mistake or misconception of his duty.

On Motion to Take Off Nonsuit.

Horace L. Cheyney, for plaintiff.

Henry La Barre Jayne, Charles Biddle, and Birney & Woodard, for defendant.

J. B. McPHERSON, District Judge. This is an action of trespass, brought against the trustee under a corporation mortgage by a bondholder, charging the trustee with several breaches of duty, whereby the value of the plaintiff's bonds has been altogether lost. A compulsory nonsuit was entered at the trial for reasons that are not stated on the stenographer's notes, but his omission is unimportant, for I remember distinctly having reserved the right (although the reservation was probably superfluous) to consider any other reason that might be afterwards urged in support of the nonsuit. At that time I had not examined the mortgage, but I find in it now a provision that in my opinion makes it unnecessary to discuss any other point in the case. The concluding paragraph of the mortgage is as follows:

> "And it is hereby expressly covenanted and understood by and between the said parties to this indenture, their successors, heirs, executors, administrators and assigns, that this trust is accepted upon the express condition that the said trustee, his heirs, executors, administrators and assigns, shall not

be in any way responsible or liable for the breaches of the party of the first part herein contained, nor for any money or property except what actually and in fact comes into his hands or possession by virtue of the provisions hereof, nor shall the said trustee be liable or responsible for any other cause, matter or thing, except his own willful and intentional breaches of the said trust herein expressed and contained."

With this provision in mind, I have read the testimony with care, and I can find no evidence that should have been submitted to the jury of a "willful and intentional breach of trust." The defendant may perhaps have made mistakes, or may have misconceived his obligations, but to call the omissions to act of which the plaintiff complains "willful and intentional breaches" of his trust seems to me to be impossible.

The motion to take off the nonsuit is refused.